IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John HELD, Jr., attorney at law.

Supreme Court

*No. 80–057–D. Filed March 3, 1981.*
(Also reported in 302 N.W.2d 500.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

On January 10, 1980, the Board of Attorneys Professional Responsibility filed with the court a complaint alleging that between 1971 and the present, John Held, Jr., an attorney licensed to practice in this state since 1959, and who practices in Madison, failed to conclude the probate of the estate of Miles J. Walker within seven years of his being retained to do so, despite repeated inquiries from the court and from the heirs. When the heirs retained substitute counsel to complete the estate, the respondent failed to promptly turn over the necessary files and papers to substitute counsel. In the estate of Joseph Barton the respondent had not filed a petition for probate, nor had he prepared or filed any estate tax or fiduciary income tax returns or tax tenders for three years from the time he was retained. His failure to complete the estate resulted in the widow's hiring substitute counsel. The respondent was retained in April of 1975 to probate the estate of William Wagner, but in May of 1979, by which time the respondent had not commenced probate proceedings, despite inquiries by the

widow and the Board of Attorneys Professional Responsibility, the respondent returned to the widow all of the papers that she had given him, including a 1975 tax refund check. The respondent failed to promptly and expeditiously file proper estate tax returns and make timely tax payments in the estate of Edwin Frank, as a result of which the court issued an order to show cause why it should not order payment of the federal tax liability. The petition for probate was filed in November of 1972, but the estate had not been closed by the date of the filing of the complaint, although the federal taxes had been paid, with interest and penalties having been paid by the respondent. In the estate of Howard Drum, the respondent was retained in December of 1973, but did not file a petition for probate until April of 1976. Final judgment was not obtained until May 10, 1979. The respondent was retained in June of 1975, to probate the estate of Raymond V. Connors, but he did not file a petition for probate until April 23, 1976, and no final account had been filed by the time of the filing of the complaint, despite the issuance by the court of an order to show cause in 1978 requiring the estate to be closed.

The respondent filed an answer to the complaint setting forth reasons for his failure to act promptly in each of the above estates, including the fact that he had changed his office location and the storage of files caused their location to be delayed, the failure of the widow to locate and furnish documents he felt were necessary and delays caused by federal and state tax audits.

The court referred the matter to the Hon. William C. Sachtjen as referee pursuant to SCR 21.09 (1980). A pre-hearing conference was held on March 4, 1980, following which the referee issued an order staying further disciplinary proceedings for a period of 60 days

to permit the respondent to close two estates which remained open. The stay was extended until June 30, 1980, and when the Board had not heard from the respondent by September 12, 1980, regarding the closing of the Frank estate, the Board filed a motion with the referee for the imposition of discipline.

At the March 4, 1980, pre-hearing conference, the parties stipulated in open court to the facts alleged in the complaint. The referee filed his report on January 20, 1981, in which he made findings of fact consistent with the allegations of the complaint. The referee concluded that the respondent's conduct constituted gross neglect of legal matters entrusted to him, in violation of SCR 20.32(3). The referee recommended that the respondent be publicly reprimanded and that within 60 days he close and complete work in the Frank estate. In the event of his failure to do so, the referee recommended that the respondent's license to practice law be revoked for a period of 60 days and that, within 10 days of the commencement of that suspension, he turn over all files and papers in that estate to the client or to substitute counsel and pay to the Dane County clerk of courts the sum of $1000 to be applied against any additional attorney fees needed to close the estate. The referee further recommended that the respondent pay, within 30 days, the sum of $750 to the Board to be applied toward the costs and fees incurred in the disciplinary proceeding and that his license be revoked forthwith in the event he fails to do so. We hereby adopt the findings, conclusions and recommendations of the referee.

It is ordered that John Held, Jr. is publicly reprimanded for unprofessional conduct.

It is further ordered that within 60 days of the date of this order John Held, Jr., file with the referee and the Board an affidavit to the effect that the estate of

Edwin Frank has been closed. In the event he fails to do so within the time specified, the license of John Held, Jr., to practice law in Wisconsin will be suspended forthwith for a period of 60 days, and he shall turn over all files and papers in that estate to his client or to substitute counsel and pay to the Dane county clerk of courts the sum of $1,000 to be applied against additional attorney fees necessarily incurred to close the estate, such payment to be made within 10 days of the commencement of the suspension.

It is further ordered that the respondent pay the costs of this proceeding in the amount of $750 to the Board of Attorneys Professional Responsibility within 60 days of the date of this order. In the event payment is not made within the time specified, the license of John Held, Jr., to practice law in Wisconsin shall be suspended forthwith.